## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RAUL-ALEJANDRO RAMOS**                    **CIVIL ACTION**

**VERSUS**                                  **CASE NO. 19-9802**

**STATE OF LOUISIANA, et al.**              **SECTION: "G" (4)**

## ORDER AND REASONS

Pending before this Court is a second "Motion to Dismiss" filed by Defendants Agent Supervisor Tommy Anderson ("Anderson"), Agent Officer Jose Torres ("Torres"), and Agent Officer Unk Rogers, Jr.'s ("Rogers") (collectively, "Defendants").[1] In this litigation, Plaintiff Raul-Alejandro Ramos ("Plaintiff") alleges that Defendants are liable for damages Plaintiff suffered due to his removal from the Supreme Court of Louisiana Law Library (the "Law Library") and from the Louisiana Supreme Court building.[2] Accordingly, Plaintiff brings this action pursuant to 42 U.S.C. § 1983.[3] In the instant motion, Defendants argue that Plaintiff's action should be dismissed because they are entitled to qualified immunity.[4] Plaintiff opposes the motion.[5] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court grants the motion.

---

[1] Rec. Doc. 24.

[2] Rec. Doc. 1; Rec. Doc. 21.

[3] Rec. Doc. 1.

[4] Rec. Doc. 24.

[5] Rec. Doc. 29.

1

## I. Background

### A.    *Factual Background*

Plaintiff alleges that on January 16, 2019, he went to the Louisiana Supreme Court Law Library to work on a separate case.[6] Plaintiff asserts that he was entering the building in order to file a brief against Liberty Bank & Trust.[7] Plaintiff alleges that he was stopped by Anderson and Torres who told Plaintiff that he could not enter certain sections of the Supreme Court building.[8] Plaintiff alleges that Defendants were carrying out a "pre planned, pre determined, and deliberate act" when they stopped Plaintiff, in order to restrain Plaintiff from filing his brief with the Louisiana Supreme Court.[9] Plaintiff claims that he objected to Anderson's demands.[10] Plaintiff alleges that Anderson threatened Plaintiff with expulsion and arrest.[11] Plaintiff claims that, out of fear of arrest, he left the building.[12] Plaintiff alleges that after he was escorted out of the building by Torres and Rogers, he was informed that he was thereafter barred from the Supreme Court building and that, if he returned, he would be arrested.[13] Plaintiff alleges that, as a result of being

---

[6] Rec. Doc. 1 at 4–5.

[7] Rec. Doc. 21 at 2.

[8] Rec. Doc 1 at 6–7; Rec. Doc. 21 at 1.

[9] Rec. Doc. 21 at 2.

[10] Rec. Doc. 1 at 7–8.

[11] *Id.* at 8–9.

[12] *Id*. at 9–13.

[13] *Id*. at 13.

barred from the Supreme Court building and the Law Library, he was unable to properly research his other cases.[14]

## B.    *Procedural Background*

Plaintiff filed a complaint in this Court on April 25, 2019, originally bringing claims against the State of Louisiana, the Louisiana Supreme Court, Anderson, Torres, and Rogers pursuant to 42 U.S.C. § 1983.[15]  On July 1, 2019, all of the defendants filed a Motion to Dismiss.[16] The State of Louisiana and the Louisiana Supreme Court argued that they were immune from suit under the Eleventh Amendment.[17]  Anderson, Torres, and Rogers argued that they were entitled to qualified immunity.[18]

On March 30, 2020, the Court granted the Motion to Dismiss in part and denied it in part.[19] The Court dismissed without prejudice claims against the State of Louisiana and the Louisiana Supreme Court under the Eleventh Amendment.[20] The Court also dismissed Plaintiff's claims against Anderson, Torres, and Rogers in their official capacities for monetary damages under the Eleventh Amendment.[21]

---

[14] *Id.* at 14.

[15] *Id.* at 1.

[16] Rec. Doc. 7-1 at 2–3.

[17] *Id.*

[18] *Id.*

[19] Rec. Doc. 16.

[20] *Id.* at 35.

[21] *Id.*

The Court granted Plaintiff leave to amend the Complaint and to file a Rule 7(a)(7) reply responding to Anderson, Torres, and Rogers's defense of qualified immunity.[22] Specifically, the Court found that Plaintiff did not have a clearly established right to access a public library nor did Plaintiff have a clearly established right to notice and an opportunity to be heard before being removed or banned from a library.[23] Accordingly, Plaintiff had not carried his burden of alleging facts that would overcome the qualified immunity defense as to those claims.[24] Further, the Court found that Plaintiff had not alleged facts to show that Anderson, Torres, and Rogers' conduct violated his constitutional right to access the courts.[25] While recognizing the existence of a general right of access to courts, the Court held that Plaintiff had not shown actual injury as a result of being denied access to the Louisiana Supreme Court.[26] Because Plaintiff's claim was a backward-looking claim, Plaintiff was required to provide facts identifying a nonfrivolous underlying claim that Plaintiff lost as a result of being denied access to the Louisiana Supreme Court.[27] The Court found that Plaintiff had failed to provide information on any underlying claims.[28]

---

[22] *Id.*

[23] *Id.* at 34.

[24] *Id.*

[25] *Id.*

[26] *Id.* at 30.

[27] *Id.* at 31–32.

[28] *Id.* at 32.

On July 15, 2020, Plaintiff filed an Amended Complaint.[29]  Plaintiff restates the facts alleged in his original complaint.[30]  Plaintiff adds a new allegation that he was targeted by Anderson and Torres under a "pre planned, pre determined, and deliberate act" to bar Plaintiff from "getting into the Louisiana Supreme Court with [Plaintiff's] Application Brief against LIBERTY BANK & TRUST."[31]  Plaintiff alleges that he was stopped by Anderson and Torres not due to a complaint against him, but rather because of actions "going on behind the scenes relative to [Plaintiff] and [Plaintiff's] case against LIBERTY BANK N& [sic] TRUST."[32]

On July 29, 2020, Defendants filed the instant Motion to Dismiss.[33]  On September 8, 2020, Plaintiff filed an opposition.[34]  On September 15, 2020, with leave of Court, Defendants filed a reply.[35]

## II. Parties' Arguments

### A.   Defendants' Arguments in Support of the Motion to Dismiss

In the instant motion, Defendants maintain that they are entitled to qualified immunity.[36]  Defendants assert that the Amended Complaint added "few facts" to the "general allegations"

---

[29] Rec. Doc. 21.

[30] *Id.*

[31] *Id.* at 2.

[32] *Id.* at 1.

[33] Rec. Doc. 24.

[34] Rec. Doc. 29.

[35] Rec. Doc. 33.

[36] Rec. Doc. 24.

contained in the original complaint.[37]  Defendants argue that the Court "previously determined that Plaintiff's original complaint failed to overcome the qualified immunity" defense of Defendants and that the Amended Complaint "fails to cure the deficiencies noticed in the original complaint."[38]

**B.      *Plaintiff's Arguments in Opposition to the Motion to Dismiss***

In response, Plaintiff argues that "the Court has a procedure and process that requires that a trial on the merits move forward so as to allow a jury to bring judgment, settlement and peace to all claims made by Plaintiff claimant and Defendants parties in this matter."[39] Plaintiff further alleges that the case should proceed to trial because "the Court has denied Defendants previous Motion to Dismiss" and should now "deny Defense any attempt to delay the Court's Procedure and Process to meet that end."[40]  Finally, Plaintiff asserts that "the Court requires a jury to settle all Plaintiff's Claims made in it's Court."[41]

**C.      *Defendants' Arguments in Further Support of the Motion to Dismiss***

In reply, Defendants argue that Plaintiff "fails to respond to the [Motion to Dismiss] in any meaningful way" and that Plaintiff's opposition "contains only conclusory statements that this matter should proceed to trial."[42] Defendants assert that "Plaintiff has the burden of overcoming

---

[37] Rec. Doc. 24-1 at 2.

[38] *Id.* at 4.

[39] Rec. Doc. 29.

[40] *Id.*

[41] *Id.*

[42] Rec. Doc. 33.

the defendants qualified immunity defense" and that Plaintiff has "failed to show that Defendants committed any constitutional violations and that their actions were objectively unreasonable in light of the law that was established at the time."[43]  In conclusion, Defendants argue that "[s]imply put, Plaintiff has failed to tailor his reply to the assertion of qualified immunity, as required by the Court."[44]

### III. Legal Standard on a Rule 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[45]  A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[46]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[47]  "Factual allegations must be enough to raise a right to relief above the speculative level."[48]  A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[49]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant,

---

[43] *Id.*

[44] *Id.*

[45] Fed. R. Civ. P. 12(b)(6).

[46] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[47] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[48] *Twombly*, 550 U.S. at 555.

[49] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

and all facts pleaded are taken as true.[50] Although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[51] "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations."[52] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[53] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[54] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[55] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[56] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[57]

---

[50] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[51] *Iqbal*, 556 U.S. at 677–78.

[52] *Id.* at 679.

[53] *Id.* at 678.

[54] *Id.*

[55] *Id.*

[56] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[57] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

## IV. Analysis

### A.  Whether Defendants are Entitled to Qualified Immunity

To plead a Section 1983 claim, a plaintiff is required to allege facts demonstrating that: (1) the defendant violated the Constitution or federal law; and (2) the defendant was acting under the color of state law while doing so.[58]

Government officials can defend against a Section 1983 claim by asserting qualified immunity. The doctrine of qualified immunity protects government officials sued in their individual capacities "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[59]  Qualified immunity is an "immunity from suit rather than a mere defense to liability."[60] In this manner, "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive."[61]

Once a defendant has invoked the defense of qualified immunity, the plaintiff carries the burden of demonstrating its inapplicability.[62] In *Saucier v. Katz*, the Supreme Court set forth a two-part framework to determine if a plaintiff has overcome a qualified immunity defense.[63] First,

---

[58] *See Wilson v. Dallas Cty. Hosp. Dist.*, 715 F. App'x 319, 323 (5th Cir. 2017).

[59] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

[60] *Pearson v. Callahan*, 555 U.S. 223, 237 (2009).

[61] *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

[62] *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).

[63] 533 U.S. 194 (2001).

the Court asks "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"[64] Second, the Court considers whether the allegedly violated right is "clearly established" in that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."[65] The Court does not have to address these two questions sequentially; it can proceed with either inquiry first.[66]

Commencing with the second prong of the *Saucier* framework, the Court must determine whether a plaintiff has alleged a violation of a clearly established constitutional right. When deciding whether the right allegedly violated was "clearly established," the Court asks whether the law so clearly and unambiguously prohibited the conduct such that a reasonable official would understand that what he was doing violated the law.[67] "Answering in the affirmative requires the court to be able to point to controlling authority—or a robust consensus of persuasive authority— that defines the contours of the right in question with a high degree of particularity. This requirement establishes a high bar."[68] When there is no controlling authority specifically prohibiting a defendant's conduct, the law is not clearly established for the purposes of defeating qualified immunity.[69]

---

[64] *Id.* at 201.

[65] *Id.* at 202.

[66] *See Pearson*, 555 U.S. at 236 ("On reconsidering the procedure required in *Saucier*, we conclude that, while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory."); *see also Cutler v. Stephen F. Austin State Univ.*, 767 F.3d 462, 469 (5th Cir. 2014).

[67] *May v. Strain*, 55 F.Supp.3d 885, 897 (E.D. La. 2014) (Brown, J.) (citing *Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013)).

[68] *Id*.

[69] *Id*.

Even if "the defendant's actions violated a clearly established constitutional right," however, the inquiry under the *Saucier* test is incomplete.[70] The court will then ask whether qualified immunity is still appropriate because the defendant's actions were 'objectively reasonable' in light of 'law which was clearly established at the time of the disputed action.'"[71] Officials "who reasonably but mistakenly commit a constitutional violation are entitled to immunity."[72]

In the context of a motion to dismiss, "a district court must first find 'that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'"[73] "Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity."[74] After the district court determines that plaintiff's pleadings meet this requirement, "if the court remains 'unable to rule on the immunity defense without further clarification of the fact,' it may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'"[75]

---

[70] *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (citing *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004)).

[71] *Id.*

[72] *Collins*, 382 F.3d at 537 (quoting *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001)).

[73] *Backe*, 691 F.3d at 648 (quoting *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995)).

[74] *Id.* at 648.

[75] *Id.* (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 506 (5th Cir. 1987)).

Here, Defendants' asserted a defense of qualified immunity to Plaintiff's allegations.[76] Plaintiff then had the burden of alleging facts to overcome this defense by showing a constitutional violation of a clearly established right. In ruling on the Defendants' initial Motion to Dismiss, the Court held that Plaintiff had not "carried his burden of alleging facts that would overcome the qualified immunity defense" raised by Defendants.[77] The Court held that Plaintiff had not alleged a violation of a clearly established right as required under the *Saucier* analysis.[78] In reaching this conclusion, the Court held that: (1) there is not a clearly established constitutional right to access the Law Library;[79] (2) Plaintiff did not have a due process right to be heard prior to his removal from the Law Library or, in the alternative, that due process was provided before Plaintiff was removed from the Law Library;[80] (3) Plaintiff had not adequately asserted a right to access the Louisiana Supreme Court because he failed to identify a "nonfrivolous underlying claim";[81] and (4) Plaintiff failed to allege an equal protection claim under the Fourteenth Amendment.[82] The Court granted Plaintiff leave to amend the complaint and to file a Rule 7(a)(7) reply to address Defendants' affirmative defense of qualified immunity. Plaintiff filed an Amended Complaint on

---

[76] Rec. Docs. 7, 24. The Court notes that Defendants' qualified immunity defense would not bar a claim by Plaintiff against Defendants for injunctive relief. *See Williams v. Ballard*, 466 F.3d 330, 334 n.7 (5th Cir. 2006)). However, Plaintiff does not seek injunctive relief against Defendants. *See* Rec. Docs. 1, 21.

[77] Rec. Doc. 16.

[78] *Id.* at 19–34.

[79] *Id.* at 19–21.

[80] *Id.* at 21–27.

[81] *Id.* at 27–33; *United States v. McRae*, 702 F.3d 806, 830–31 (5th Cir. 2012).

[82] Rec. Doc. 16 at 33.

July 15, 2020.[83] Accordingly, the Court considers whether the Amended Complaint alleges sufficient facts to overcome Defendants' qualified immunity defense.

**B.     *Whether the Amended Complaint Overcomes Defendants' Qualified Immunity Defense***

A defense of qualified immunity by itself does not "subject the complaint to a heightened pleading standard."[84] However, a Court may, in its discretion, "insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity" under Rule 7(a)(7) of the Federal Rules of Civil Procedure.[85] A Rule 7(a)(7) reply must provide more than "mere conclusions" and "cannot be allowed to rest on general characterizations."[86] Instead, a Rule 7(a)(7) reply must comport with the principle of "heightened pleading" by including "allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury."[87] A Rule 7(a)(7) reply "must be tailored to the assertion of qualified immunity and fairly engage its allegations."[88]

As discussed above, Plaintiff did not plead sufficient facts to overcome the qualified immunity defense. Nevertheless, the Court denied Defendants' initial Motion to Dismiss to the extent it sought to dismiss the individual capacity claims under the doctrine of qualified immunity.[89] Instead of dismissing Plaintiff's claims at that time, the Court ordered Plaintiff to

---

[83] Rec. Doc. 21.

[84] *Arnold v. Williams*, 2020 WL 5668461, at *3 (5th Cir. 2020).

[85] *Id.*; *see also Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).

[86] *Floyd v. City of Kenner, La.*, 351 Fed. Appx. 890, 893 (5th Cir. 2009) (quoting *Schultea*, 47 F.3d at 1432).

[87] *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999).

[88] *Schultea*, 47 F.3d at 1433.

[89] Rec. Doc. 16.

13

amend the Complaint and file a Rule 7(a)(7) reply addressing Defendants' defense of qualified immunity.[90] The Court ordered Plaintiff to amend the original complaint and file a Rule 7(a)(7) reply alleging facts "tailored to an answer pleading the defense of qualified immunity."[91]

The Amended Complaint, however, fails to fulfill this directive. The Amended Complaint does not allege specific facts relating to either prong of the *Saucier* test to overcome a qualified immunity defense. As discussed in this Court's prior order, there is not a clearly established right to access the Law Library[92] and Plaintiff did not have a due process right to be heard prior to his removal from the Law Library.[93] Alternatively, even assuming that a due process right existed, the Court found that due process was provided before Plaintiff was removed from the Law Library.[94] Plaintiff did not address these issues in the Amended Complaint and he has not presented any authority to show a clearly established right to access the Law Library.

As discussed in the prior order, there is a general right of access to courts but, to succeed on such a claim, Plaintiff must assert facts identifying a nonfrivolous underlying claim that Plaintiff lost as a result of being denied access to the Louisiana Supreme Court.[95] However, in the Amended Complaint, Plaintiff merely reiterates that he was allegedly removed from the Louisiana Supreme Court while on his way to file a brief against Liberty Bank & Trust.[96] Plaintiff provides

---

[90] *Id.*

[91] *Id.* at 34.

[92] *Id.* at 19–21.

[93] *Id.* at 21–27.

[94] *Id.* at 26–27.

[95] *Id.* at 31–32.

[96] Rec. Doc. 21 at 2.

no further information on any claims that he allegedly lost as a result of his removal from the Louisiana Supreme Court building.[97] Beyond this claim, the Amended Complaint provides no new allegations of other constitutional violations that could form the basis for overcoming Defendants' qualified immunity defense.

Because Plaintiff fails to allege a constitutional violation of a clearly established right, Plaintiff falls short in overcoming Defendants' defense of qualified immunity. Accordingly, Plaintiff's Section 1983 claims against Defendants in their individual capacities must be dismissed.

### IV. Conclusion

Plaintiff has failed to carry his burden of alleging facts that would overcome Defendants' qualified immunity defense. In the Amended Complaint, Plaintiff has not alleged facts to show that Defendants' violated a clearly established constitutional right.

Accordingly,

**IT IS HERBY ORDERED** that Defendant's "Motion to Dismiss"[98] is **GRANTED**. Plaintiff's individual capacity claims against Defendants under Section 1983 are **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this 9th day of December, 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[97] *Id.*

[98] Rec. Doc. 24.

15